IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   CIV 16-0581 KG/KBM
                                                     CR  03-0324 KG

MAXIMILLIANO MATA,

    Defendant – Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 *(Doc. 1)* and Defendant's Motion for Immediate Resentencing *(Doc. 2)*. The United States' Response indicates that it agrees with the position of Probation that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant's conviction for escape cannot be used as a predicate offense to enhance his sentence under the Armed Career Criminal Act ("ACCA").[1] Therefore, the Government does not oppose the Court granting Defendant his requested relief. The Court therefore will recommend resentencing Defendant to a time-served sentence.

The Court notes that Defendant pled guilty pursuant to Rule 11(c)(1)(C) to a violation of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) and 18 U.S.C. § 2 with an agreed sentence of 15 years incarceration. Although the plea agreement did not reference the applicability of the ACCA, it did recite that "imprisonment for a period not less that fifteen years" applied to Defendant's guilty plea. *Doc. 23* at 2 in CR 03-0324.

---

[1] *Johnson* was held to be retroactively applicable to ACCA cases on collateral review in *Welsh v. United States*, 136 S. Ct. 1257 (2016)

1

Clearly, the parties contemplated that the ACCA required enhancement of the otherwise applicable 10-year imprisonment maximum sentence on these charges.

Although neither party has raised the issue, the Court feels it must address the effect of a binding plea agreement to a specific prison term on its ability to modify an imposed term of imprisonment. Generally, such a binding agreement to a specific term of imprisonment based on errors in sentence calculation would not be cognizable under Section 2255. *See e.g., United States v. Addonizio*, 442 U.S. 178, 185 (1979) (sentencing errors typically are not cognizable claims under § 2255); *see also U.S. v. Grayson*, 387 F. App'x 888 (10th Cir. 2010) (enforcing agreed-upon term of imprisonment that was not framed by subsequently lowered guidelines).

I agree with the judges of the Eastern District of Tennessee, however, that such plea agreements should not be enforced in the context of a valid *Johnson* claim where the defendant has agreed to a term of incarceration beyond the applicable statutory maximum.

> A unique consequence of *Johnson* is that prisoners improperly subjected to § 924(e)'s mandatory statutory minimum are uniformly left with sentences, stipulated or not, exceeding the congressionally authorized maximum punishment sanctioned for non-ACCA violations of § 922(g)(1). The plain language of § 2255 itself reveals that such claims are quintessentially within the scope of the provision because they challenge a sentence "imposed in violation of the Constitution[,] . . . that the court was without jurisdiction to impose [, and] . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

*Cutshaw v. United States*, No. 2:09-CR-70-RLJ-MCLC-1, 2016 WL 3212269, at *2 n.2 (E.D. Tenn. June 7, 2016).[2]

---

[2] Another recent decision used a somewhat different analysis in holding that a Rule 11(c)(1)(C) plea based upon the career offender guideline's vague residual clause should not preclude relief pursuant to *Johnson*:

In conclusion, the Government, Probation and the Court agree that with *Johnson's* invalidation of the residual clause of the ACCA, Defendant's escape conviction no longer qualifies as a "violent felony" for enhancement purposes under that Act and resentencing is required. Because Defendant is found entitled to the relief he seeks, the Court need not address Defendant's argument that his conviction for second degree murder likewise failed to qualify as a predicate offense for ACCA enhancement.

Wherefore,

IT IS RECOMMENDED that the Court grant Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant 28 U.S.C. 2255, albeit on the grounds identified by the Government in its Response and as set forth by Probation in its Updated Sentencing Memorandum *(Doc. 32* in CR 03-324), and resentence Defendant to a sentence of time-served.

IT IS FURTHER RECOMMENDED that if the Court grants the requested relief and schedules a resentencing hearing, the Court at the same time obtain Defendant's presence at the resentencing hearing, unless Defendant is willing to waive his appearance.

IT IS FINALLY ORDERED that if the parties are willing to waive the objections period set forth below, they should file a notice to that effect as soon as possible.

---

> Notwithstanding § 3582(c), the court finds that a § 2255 motion is the appropriate vehicle for the defendant's challenge to the legality of his sentence under § 2255. The binding plea agreement does not prevent the court's consideration of the impact of the *Johnson* decision on the defendant's sentence. It is clear to the court that the parties operated under a mutual mistake in entering into the agreement.

*United States v. Beck*, No. 8:13CR62, 2016 WL 3676191, at *5 (D. Neb. July 6, 2016).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE